IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EARL PARMER,

    Plaintiff,                                     No. CIV S-09-3310 GGH P

    vs.

J. WALKER, et al.,                             ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        This case was transferred from the Southern District of California by a filing dated November 30, 2009. On December 16, 2009, this court ordered plaintiff to file a completed application for leave to proceed in forma pauperis on the form used by this district within thirty days. Plaintiff filed a request for leave to proceed in forma pauperis, but failed to file a certified copy of his prison trust account for the six-month period immediately preceding the filing of the complaint or to obtain the certification required on the form. 28 U.S.C. § 1915(a)(2). Therefore, by an order filed February 16, 2010, plaintiff was directed, within thirty days, to file a certified copy of his prison trust account statement for the six-month period immediately preceding the

1

filing of the complaint and the certification required on the in forma pauperis application form. Plaintiff was cautioned, in both the order filed on December 16, 2009, and the one filed on February 16, 2010, that his failure to comply with the order would result in a recommendation that this action be dismissed without prejudice.

As plaintiff failed to file a timely response to the February 16, 2010, order, the court on, April 5, 2010, recommended dismissal of this case without prejudice. Within the objection period, plaintiff filed a certified copy of his trust account, although he did not submit the certification required on the in forma pauperis application form. Despite his tardiness and lack of full compliance, the court will vacate the findings and recommendations and liberally find that plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

      In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

      To the extent plaintiff seeks to name the California Department of Corrections and Rehabilitation (CDCR), plaintiff is informed that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.

1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against CDCR are frivolous and must be dismissed.

As to any claims against "medical" at California State Prison-Sacramento (CSP-Sac), these claims will be dismissed because plaintiff fails to identify an individual appropriate for service of process.

Plaintiff claims that defendant Warden Walker, on August 18, 2009, told everyone "in the committee," apparently the classification committee, that plaintiff was convicted of rape, and kept plaintiff in "PSU" for another month because he said people like plaintiff make him sick; defendant Walker also said he was out to get plaintiff because of a lawsuit plaintiff had pending against CDCR. Complaint, pp. 2-3. Defendant Daly has "call[ed] [plaintiff] out of [his] race," and has said "he is playing with [plaintiff's] release date," messing with plaintiff's paper work and is telling other inmates that plaintiff has an "R" suffix when he does not. Id. Defendant C. Rasmussen has called plaintiff a "black asshole" and has messed with plaintiff's case records and said that plaintiff raped someone when this is not true. Id. Defendant M. Bobbala (and apparently unnamed others) has not seen him for his medical needs and plaintiff states that he has been in severe pain. Id. Confusingly, he also complains that "they" are in fact trying to give him epidural steroid injections, which he apparently objects to because CSP-Sac does not have the appropriate program. Id., at 9.

Plaintiff claims to be in fear for his life and states that if he did not have a cell he "would be dead." Complaint, p. 5. He complains that as an ADA and DPO inmate he has a wheelchair and walker due to his illness, has difficulty negotiating hills at the prison, and claims that unnamed medical staff are with defendant Walker in not transferring plaintiff to a prison that has a disability placement program. Id., at 4. The court notes, however, that plaintiff has recently filed a notice of his change of address to California Medical Facility.

Retaliation by prison officials for the exercise of a prisoner's constitutional right of access to the courts violates the federal constitution. Pratt v. Rowland, 65 F.3d 802, 807 (9th

1  Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d
2  1395, 1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v.
3  Dawson, 778 F.2d 527, 532 (9th Cir. 1985).
4          In order to state a retaliation claim, a plaintiff must plead facts which suggest that
5  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
6  behind the defendant's conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.
7  1989); Rizzo 778 F.2d at 532.  The plaintiff must also plead facts which suggest an absence of
8  legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing
9  Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v.
10 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are
11 insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act
12 itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical
13 retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of
14 the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1)
15 (10th Cir. 1990).
16         In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts
17 should defer "to prison officials in the evaluation of proffered legitimate penological reasons for
18 conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472,
19 115 S. Ct. 2293 (1995)). Plaintiff does not frame a claim rising to the level of a constitutional
20 deprivation when he states that defendants have called him hurtful or inappropriate names, said
21 things that were untrue or even threatened him, particularly where plaintiff has not alleged, for
22 example, how his case or paperwork has actually been "messed with" or if somehow untrue
23 charges or convictions have been wrongly placed in his record.   In order to provide an adequate
24 factual predicate for a claim of retaliation for plaintiff's having filed a lawsuit against CDCR, it
25 would be helpful for plaintiff to be more specific in characterizing the lawsuit at issue and to
26 demonstrate the link between the lawsuit and any constitutional deprivation plaintiff has suffered

at the hands of defendant Walker or any other defendant.  The retaliation claims will be dismissed but plaintiff will be granted leave to amend.

As for plaintiff's claims of inadequate medical care, in order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the

7

inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant."  McGuckin, 974 F.2d at 1061.  Plaintiff's allegations against defendant Bobbala regarding his or her failing to alleviate his pain are too vague.  Plaintiff must set forth what conditions or condition he sought treatment for, when he sought such treatment and how Bobbala, or any other specifically named defendant, subjected him to unconstitutionally inadequate medical care.  Plaintiff's inconsistency in complaining of a lack of medical treatment while simultaneously decrying injections that unnamed staff apparently have tried to give him presumably to treat his pain undermines the framing of a colorable claim.  Defendant Bobala will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The <u>Findings and Recommendations</u>, filed on April 5, 2010 (docket # 10), are hereby VACATED;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: May 10, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
parm3310.bnf+

9